## Lambert v. Welfley's Executor.

*Practice Act of 1915—Affidavit of defence by fiduciary.*

An affidavit of defence by a fiduciary in an action of *assumpsit*, in which he avers that he has a just and legal defence to the whole of plaintiff's claim, based upon the fact that he has no knowledge that decedent made any such contract as that alleged by the plaintiff, is not in compliance with the requirements of section 7 of the Practice Act of May 14, 1915, P. L. 483.

Motion for judgment for want of sufficient affidavit of defence. C. P. Somerset Co., Dec. T., 1920, No. 228.

*Boose & Boose*, for plaintiff; *J. C. Lowry*, for defendant.

BERKEY, P. J., March 22, 1921.—The plaintiff instituted this action Dec. 1, 1920, when his statement of claim was filed, and, in compliance with notice to defendant to file an affidavit of defence to the statement of claim, the defendant complied with the notice, whereupon the plaintiff filed the motion now under consideration. The Practice Act of May 14, 1915, § 7, P. L. 483, provides: "When the affidavit of defence or plaintiff's reply is made by an executor, administrator, guardian, committee or other person acting in a representative capacity, he need only state the facts he admits to be true, and that he believes there is a just and legal defence to the remainder, and the facts upon which he bases his belief."

An inspection of the affidavit of defence reveals that the same is a compliance with this section of the Practice Act, save as to the following averment in the fourth paragraph of the affidavit of defence. It is there averred as follows:

"The defendant avers that he believes that he had a just and legal defence to the whole of the plaintiff's claim. For this he bases his belief on the following facts: That he has no knowledge that the decedent made any such contract as alleged by the plaintiff."

I think this paragraph is insufficient to meet the requirements of the section of the statute above quoted. It provides in the concluding sentence, "and that he believes there is a just and legal defence to the remainder, and the facts upon which he bases his belief." It will be observed he says in his affidavit of defence: "For this he bases his belief on the following fact: That he has no knowledge that the decedent made any such contract as alleged by

Lambert *v.* Welfley's Executor.

the plaintiff." Certainly this is not a statement of the facts upon which he bases his belief, for no facts are there stated.

"Assuming that the defendant is in possession of facts upon which he has a just and legal defence to the claim of plaintiff, he should in his affidavit of defence set forth these facts. If the defendant, as administrator, has no knowledge of the truth of the facts alleged by the plaintiff, nor of facts which would be the basis of a just and legal defence to the plaintiff's claim, a general statement of his belief that he has a just and legal defence and a demand for proof of the facts alleged by the plaintiff would be sufficient, in our judgment, to create an issue which should be tried, at which trial the plaintiff would have an opportunity to establish as true the facts alleged by him:" Comerer *v.* Fraker's Admin'rs, 29 Dist. R. 491.

And now, March 22, 1921, the rule to show cause why judgment should not be granted for want of a sufficient affidavit of defence is made absolute, unless the defendant files an affidavit of defence in accordance with the foregoing opinion within fifteen days from this date.

From Virgil R. Saylor, Somerset, Pa.